MARIAGO INCORPORATED v. STATE BEVERAGE DIRECTOR.
No. 16384.

Circuit Court, Leon County.

November 24, 1959.

George S. Okell, Sr., Okell & Okell, Miami, for plaintiff.

Sam Pasco, Tallahassee, for defendant.

HUGH M. TAYLOR, Circuit Judge.

By an order entered on May 16, 1958, L. Grant Peoples, director of the state beverage department, revoked beverage license no. 3191, issued to "Andrew E. Albanese, doing business as Riccio's Restaurant, 991 N.E. 79th Street, Miami, Florida".

On September 8, 1958, Mariago Incorporated, a Florida corporation, applied for a beverage license for a place of business to be located at 991 N.E. 79th Street, Miami. This application was denied by the beverage director on the ground that under provisions of section 561.58 the privilege of selling intoxicating beverages at the described premises was automatically denied for a period of two

years from the revocation of the Albanese license unless the director of the beverage department for good cause should determine that this restriction should be removed.

The statute involved is as follows —"When a license is revoked by the director under the authority granted in section 561.29, it shall be within the discretion of the director to prohibit or permit a license provided for in sections 561.34 and 561.35 to be issued for the location of the place of business formerly operated under such revoked license; provided the maximum period of time that any such license shall be prohibited by the director from any such place of business shall be two years from the first day of the succeeding October following such revocation." (Florida Statutes 1957 — section 561.58). The director construes this statute as meaning that there is an automatic two year revocation of the right or privilege of selling intoxicating beverages on a premises with respect to which a license has been revoked but that the statute gives the director the power, in appropriate cases, at any time during the two year period, to cancel this restriction and issue such a license with respect to such premises.

Upon this construction of the statute the license was denied.

Mariago Incorporated has brought this suit for a declaration of its rights with respect to this construction of the statute.

It takes the position that section 561.58 authorizes the director at the time of the revocation of a license to impose a penalty against the premises involved prohibiting the sale of alcoholic beverage thereon for a period to be specified in the order not exceeding two years.

Since the director made no such order in connection with the revocation of the Albanese license, Mariago Incorporated says that no such penalty has been imposed as against the premises here involved, and the director was without authority to deny its application for a license on this ground.

Decision of this case turns upon a proper construction of the statute in question.

Any restriction of the free use of property is in derogation of the common law and should be strictly construed. Applying this principle the court is of the opinion that the position of Mariago Incorporated is correct and that the proper construction of section 561.58 is that it empowers the director, at the time of the revocation of a license to sell intoxicating beverages, to determine from the evidence before him whether the proper enforcement of the bev-

erage laws of the state would be best served by imposing a restriction against the sale of such beverages upon the premises previously licensed, and if so, to impose such restriction in the order revoking the license, the extent of the restriction to be limited to a maximum of two years.

This construction is in the opinion of the court fortified by the change made in the law in 1949. Prior to that year the statute provided that if and when a license is revoked by the director under the authority granted in section 1 of chapter 16774, Laws of Florida, Acts of 1935, as amended by section 1-A of chapter 19301, Laws of Florida, Acts of 1939, it shall be unlawful for a license provided for in section 5, chapter 16774, Laws of Florida, Acts of 1935, to be issued for the location of the place of business formerly operated under the revoked license for a period of two years from the 1st day of the succeeding October after such revocation.

It will be observed that the 1949 legislature eliminated from the law a mandatory requirement that the premises, with respect to which a license had been revoked, be subjected to a restriction against the sale of alcoholic beverages for a period of two years. Under that statute this requirement was not subject to modification by the director. The legislature in 1949 changed the law so as to authorize the director to impose as an additional penalty for the offense which precipitated the revocation a restriction upon the future use of the licensed premises. That is the form of the language used —"it shall be within the discretion of the director to prohibit . . ." And that is the logical construction of the legislative intent as gleaned from the language of the statute as a whole. It would seem logical that had the legislature intended that the automatic restriction upon the use of the property required by the law prior to 1949 should continue but subject to authority on the part of the director to lift the restriction—a sort of pardon power—it would have accomplished the result by expressly so stating rather than re-writing the whole section.

For the reasons stated, it is considered, ordered, adjudged, decreed and declared by the court that the revocation of beverage license no. 3191 issued by the State of Florida and County of Dade to Andrew E. Albanese, doing business as Riccio's Restaurant, 991 N.E. 79th Street, Miami, by order of the director of the state beverage department entered May 16, 1958, did not and does not prohibit the issuance of a license or justify the refusal to issue a license to another individual or a corporation otherwise qualified, for the sale of alcoholic beverages upon the premises described in the license revoked.